RECEIPT # _____
AMOUNT $ _150_
SUMMONS ISSUED __Y-2__
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE __3-9-04__

Case 1:04-cv-10476-NG    Document 1    Filed 03/09/2004    Page 1 of 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENALI CO, LLC, a Michigan limited liability company; and, DENALI FLAVORS INC., a Michigan corporation, <br><br> Plaintiff, <br><br> v <br><br> MICHAEL O'SULLIVAN, d/b/a MOOSE VENTURES CORP and/or d/b/a MOOSE TRACKS COFFEE ROASTERS; and, MOOSE VENTURES CORP d/b/a MOOSE TRACKS COFFEE ROASTERS, <br><br> Defendants. | Case No. <br><br> Hon. <br><br> VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> 04 10476 NG <br><br> MAGISTRATE JUDGE Dein |
| Tory A. Weigand <br> MORRISON, MAHONEY & MILLER, LLP <br> 250 Summer Street <br> Boston, MA 02210-1181 <br> V: (617) 737-8827 <br> F: (617) 342-4947 FAX <br> tweigand@mail.mm-m.com <br><br> Mark H. Verwys (P23803) <br> PLUNKETT & COONEY, P.C. <br> 333 Bridge St NW, Suite 530 <br> Grand Rapids, MI 49504 <br> V: (616) 752-4602 <br> F: (616) 752-4607 <br> mverwys@plunkettcooney.com <br><br> Attorneys For Plaintiffs Denali Co, LLC and Denali Flavors, Inc. | Attorneys For Defendants |

Plaintiffs Denali Co, LLC ("DCL") and Denali Flavors, Inc. ("DFI"), by their attorneys Morrison, Mahoney & Miller, LLP and Plunkett & Cooney, PC, state for their Complaint against Defendants Michael O'Sullivan ("O'Sullivan") d/b/a Moose Ventures Corp ("MVC") and/or Moose Tracks Coffee Roasters ("MTCR") and MVC d/b/a MTCR:

1

**JURISDICTION AND VENUE**

1. This action arises under the trademark laws of the United States (15 U.S.C. §1051 et. sec. ("Lanham Act").

2. This court has original jurisdiction over Plaintiff's Federal claims based on 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332 and 1338, and over Plaintiff's state law claims based on 28 U.S.C. §1332 and the doctrine of pendent or supplemental jurisdiction. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars.

3. Venue is proper in this district under 28 U.S.C. §1391(a)(2) and (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in, and/or have had and continue to have consequences in, this judicial district.

**PARTIES**

4. DCL is a Michigan limited liability company with its principal place of business at 4666 Leighton Lakes Dr., Wayland, Allegan County, Michigan 49348.

5. DFI is a Michigan corporation with its principal place of business at 4666 Leighton Lakes Dr., Wayland, Allegan County, Michigan 49348, and with a website at www.moosetracks.com. DFI is the successor in interest to Denali Flavors, L.L.C. ("Denali"), with a former same principal place of business. DFI conducts, and Denali conducted, business throughout the United States and Canada.

6. Michael O'Sullivan ("O'Sullivan") is, upon information and belief, a Massachusetts resident doing business as Moose Ventures Corp ("MVC"), 975 Merriam, Leominster, MA and/or doing business as Moose Tracks Coffee Roasters ("MTCR"), 975 Merriam, Leominster, MA.

6.   MVC, also doing business as MTCR, is not a registered corporation in any state. MTCR is, upon information and belief, a restaurant located at 975 Merriam, Leominster, MA, with a website at www.moosetrackscoffeeroasters.com.

## COMMON FACTUAL ALLEGATIONS

7.   Until October 2, 2000 Denali was, and since that date DCL and DFI have been and are, engaged in the business of developing, owning, licensing, acquiring, marketing, selling, distributing, and otherwise exploiting for commercial purposes brands, names, designs, graphics, logos, licenses, formulas, flavor profiles, ingredients and other rights or information pertaining to various proprietary foods, including but not limited to the Denali® Alaskan Classics® brand and line of ice cream and ice cream novelties [Exhibit A], which are licensed to dozens of dairies and other entities throughout the United States and Canada.

8.   Denali was, and DCL now is, the owner of, and DFI is the primary licensee of, among others, the following Federal trademark registrations:



MOOSE TRACKS® for IC 030 [1] US 046 (G & S: ice cream), Federal Registration No. 1,806,802, first used in interstate commerce on November 2, 1992 and registered on November 23, 1993.

Word Mark

MOOSE TRACKS® for IC 030 US 046 (G & S: Ice Cream), Federal Registration No. 2,303,587, first used in interstate commerce on November 2, 1992 and registered on December 28, 1999.

Word Mark

MOOSE TRACKS® for IC 030 US 046 (G & S: Chocolate and caramel toppings, marshmallow toppings, and topping syrups; ice cream variegates, namely caramel and fudge; and bakery goods, namely pies and cakes), Federal Registration No. 2,805,646, first used in interstate commerce on June 1, 1996 and registered on January 13, 2004.

---

[1] Coffee, tea, cocoa, sugar, rice, tapioca, sago, artificial coffee; flour and preparations made from cereals, bread, pastry and confectionery, ices; honey, treacle; yeast, baking powder; salt, mustard; vinegar, sauces (condiments); spices; ice.

9. DCL's and DFI's trademarks, including the distinctive moose head caricature logo, are widely associated in the marketplace with related formulas and flavor profiles for ice cream and ice cream novelties, including:



MOOSE TRACKS® consists of a formula for vanilla ice cream with peanut butter-filled chocolate cups and thick chocolate fudge variegate.



CHOCOLATE MOOSE TRACKS® consists of a formula for chocolate ice cream with peanut butter-filled chocolate cups and thick chocolate fudge variegate.



CHERRY MOOSE TRACKS® consists of a formula for cherry ice cream with maraschino cherry-filled chocolate cups and thick chocolate fudge variegate.



MALTED MOOSE TRACKS® consists of a formula for chocolate malted ice cream with malt-filled chocolate cups and thick chocolate fudge variegate.



EXTREME MOOSE TRACKS® consists of a formula for chocolate ice cream with Moose Tracks® fudge-filled chocolate cups and thick chocolate fudge variegate.



PEANUT BUTTER MOOSE TRACKS® consists of a formula for peanut butter ice cream with peanut butter-filled chocolate cups and thick chocolate fudge variegate.



MOOSE TRACKS ICE CREAM CONES® consist of vanilla ice cream cones with Moose Tracks® fudge topped with chocolate and peanut butter cups.

10. DCL's and DFI's trademarks, including the distinctive moose head caricature logo, are also widely associated in the marketplace with related formulas and flavor profiles for pies, including:



Moose Tracks® Cream Pie, consists of a formula for a smooth rich filling with peanut butter cups topped with Moose Tracks® fudge and a peanut butter drizzle.

11. As a result of the use of the MOOSE TRACKS® trademarks, logo and associated ice cream, novelties and pie flavors and ingredients by DFI's sublicensees, and the significant expenditure of marketing funds to promote sales of those ice cream, novelties and pie flavors, which use and expenditures inure to DCL's and DFI's benefit, and as a result of having perfected their Federal registration in these marks, DCL and DFI enjoy trademark rights throughout the United States, including specifically in this instance in Massachusetts and surrounding New England states.

12. Food products licensed by DCL and sublicensed by DFI are distributed and sold in supermarkets, grocery stores, convenience stores and dipping shops in numerous locations in Massachusetts and surrounding New England states.

13. O'Sullivan, MVC and MTCR are, and at all pertinent times have been, engaged in the restaurant and food distribution business in Leominster, MA. In that endeavor Defendants not only utilize DFI's Federally-registered name for food



products, Moose Tracks®, but also use a stylized moose caricature similar to DFI's.

14. O'Sullivan, MVC and MTCR sell and distribute food products within IC Class 030, including a significant number of items, specifically coffee, ice cream and bakery products, with respect to which DFI has the exclusive right to the term Moose Tracks®, in Massachusetts.

15. On their website, and presumably in their restaurant facility, MVC and MTCR describe their business to potential national and international customers as:

> Moose Tracks Coffee Roasters is a full service specialty coffeehouse and eatery featuring our own signature blends of coffees and signature espresso based coffee drinks. Moose Tracks is a casual, up-scale and untraditional approach to the ordinary coffeehouse where your experience becomes a coffee adventure.

In addition to multiple flavors of coffee,

> Moose Tracks Coffee Roasters coffees are only roasted "micro-roasted" in small batches to assure our coffees are always the freshest that they can be. Moose Tracks Coffee Roasters coffee beans are only the finest high-grown Arabic beans from around the world. The best green beans assure that our roasted coffees will provide the best cup of coffee, so you can…

a product within International Class 30, MVC and MTCR offer multiple types of other food items, also within International Class 30, including but not limited to:

### Moose Mud Cake
Rich chocolate mouse in a chocolate cookie crumb crust toppled with an Avalanche of chocolate shavings

### White Moose Cake
Rich white chocolate mouse in a cookie crumb crust with a landslide of white chocolate shavings and chunks

### Big Cookies

Big and Delicious Chocolate Chunky, Oatmeal Raisin, <u>Moose Mud Double Fudge</u>, and many others…

6

### Espressos

**Moose Mud Espresso**
Italian dark roast, heavy body

**Moose Mud macchiato**
Espresso poured thru a dollop of foamed milk

**Moose Mud con panna**
Espresso poured thru a dollop of fresh whipped cream

**Mocha Moose**
Chocolate syrup

**Moose Breath**
Mint and chocolate syrup

**Nutty Moose**
Hazelnut, vanilla, and chocolate syrup drizzled with caramel sauce

**Tis' Moose**
Irish Cream, orange flavor and chocolate syrup

16. On their website, and presumably in their restaurant facility, MVC and MTCR utilize a series of moose tracks



just as DFI and its sublicensees utilize a similar series of moose tracks on DFI's licensed packaging (see page 4, *supra*).

17. On their website, and presumably in their restaurant facility, MVC and MTCR utilize a quaint story about the origin of the name Moose Tracks Coffee House:

> ... My long interest to open a coffeehouse, not just any ordinary coffeehouse, and my experience of that early morning on Basin Ridge led to the beginning and the name of Moose Tracks Coffeehouse...

just as DFI and its sublicensees include quaint stories about the origin of Moose Tracks® ice creams and novelties on their packaging.

18.  DCL and DFI first learned that MVC and MTCR were infringing its federal trademarks on July 19, 2003 when they received the following unsolicited e-mail message:

> From: LittleSax2@aol.com
> To: neal@moosetracks.com
> Sent: Saturday, July 19, 2003 9:00 PM
> Subject: Someone is using your name
>
> Dear Sir,
>
> I am from Gardner Massachusetts and I was looking for the website of my favorite coffee shop called Moose Tracks, and I got your ice cream company. Moose Tracks is in Fitchburg, Ma in Kmart Plaza, you should check.

19.  When DCL and DFI learned in July 2003 that MVC and MTCR were infringing their federal trademarks, DCL and DFI's counsel immediately sent a letter via e-mail and regular mail requesting that MVC and MTCR immediately and voluntarily end their infringing activities. [2]

20.  DCL and DFI learned that MVC and MTCR were continuing to infringe its federal trademarks on August 5, 2003 when they received the following unsolicited e-mail message:

> From: Jenandkerri@aol.com [mailto:Jenandkerri@aol.com]
> Sent: Tuesday, August 05, 2003 6:03 PM
> To: moosemaster@moosetracks.com
> Subject: moosetracks
>
> Are you aware that there is a coffee house in Leominster Massachusetts using the name MOOSETRACKS?

21.  When DCL and DFI received the second confusion-exhibiting e-mail, their counsel immediately wrote again to MVC and MTCR via e-mail and regular mail, including a copy of the latest e-mail message and again requesting the immediate and voluntary end to their infringing activities. [3]

---

[2] Mark H. Verwys 07-27-03 letter to Michael O'Sullivan [Attachment A]

[3] Mark H. Verwys 08-08-03 letter to Michael O'Sullivan [Attachment B]

22. After receiving no response to his previous letters, DLC's and DFI's counsel wrote again to MVC and MTCR via e-mail and regular mail on August 27, 2003, again requesting the immediate and voluntary end to their infringing activities.[4]

23. After receiving no response to his previous letters, DCL's and DFI's counsel wrote again to MVC and MTCR via e-mail and regular mail on September 8, 2003, and again got no response to a request for the immediate and voluntary end to their infringing activities.[5]

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

24. DCL and DFI re-adopt and re-allege paragraphs 1 through 24 above, as if set forth in full herein.

25. DCL owns, and has licensed to DFI, valid and subsisting federal trademark registrations for the mark MOOSE TRACKS® for International Class 30, U.S. Trademark Registrations No. 1,806,802 and No. 2,303,587, and they enjoy the associated rights for the subject trademarks.

26. Because there is confusing similarity between the trademark MOOSE TRACKS® owned by DCL and licensed to DFI and the name "Moose Tracks" used by MVC and MTCR in conjunction with coffee, desserts, and other food products in International Class 30, and because the goods offered by the parties in association with their respective marks are highly similar, there is a likelihood of confusion, and demonstrated actual confusion, between the mark owned by DCL and used by DFI and its sublicensees and the name used by MVC and MTCR.

---

[4] Mark H. Verwys 08-27-03 letter to Michael O'Sullivan [Attachment C]

[5] Mark H. Verwys 09-8-03 letter to Michael O'Sullivan [Attachment D]

27.   By using the name "Moose Tracks" in conjunction with substantially similar food products to those offered by DFI's sublicensees in conjunction with "MOOSE TRACKS®, MVC and MTCR have infringed and are continuing to infringe on the rights enjoyed by DCL, DFI and DFI's authorized sublicensees under their federally registered trademarks, as MVC's and MTCR's mark is likely to cause, and has already caused, confusion, deception, or mistake in the marketplace, in violation of 15 U.S.C. §1114.

28.   As demonstrated by their repeated failure to respond to the multiple notices and requests from DCL's and DFI's counsel to cease their infringing conduct, MVC and MTCR have demonstrated that their actions and inactions are willful and intentional for purposes of 15 U.S.C. 1117.

29.   DCL and DFI have no adequate remedy at law and, by reason of the foregoing, DCL and DFI have been injured in an amount not yet ascertained and are entitled to those remedies provided in Title 15 of the United States Code.

## COUNT II
## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

30.   DCL and DFI hereby re-adopt and re-allege paragraphs 1 through 30 above, as if set forth in full herein.

31.   The trademarks owned by DCL and licensed to DFI, including but not limited to the federal registrations identified above, through the use of the marks by DFI's sublicensees and related entities, whose use inures to the benefit of DCL and DFI, have become uniquely associated with and hence identify DCL, DFI and DFI's authorized sublicensees.

32. MVC and MTCR, at least since being put on notice in July 2003, have intentionally engaged, and are engaging, in a course of conduct designed and intended to trade upon the goodwill of DCL, DFI and DFI's authorized sublicensees.

33. MVC's and MTCR's conduct constitutes a false designation of origin, or false representation, or false association between MVC's and MTCR's goods and services and those of DCL, DFI and DFI's sublicensees. Further, MVC's and MTCR's conduct wrongfully and falsely designates its goods and services as originating with or connected with DCL, DFI and DFI's sublicensees and constitutes the use of false description or false representation in interstate commerce.

34. MVC's and MTCR's conduct is intended and likely to deceive and cause mistake or confusion in members of the public, who are wrongfully led to believe that MVC and MTCR are associated with DCL and DFI and the goods or services of DFI's sublicensees. MVC's and MTCR's conduct thus deprives DCL, DFI and DFI's authorized sublicensees of DCL's and DFI's valid trademark rights and other rights against federal unfair competition, in violation of 15 U.S.C. §1125(a).

35. As demonstrated by their repeated failure to respond to the multiple notices and requests from DCL's and DFI's counsel to cease their infringing conduct, MVC and MTCR have demonstrated that their actions and inactions are willful and intentional for purposes of 15 U.S.C. 1117.

36. DCL and DFI have no adequate remedy at law and, by reason of the foregoing, DCL and DFI have been injured in an amount not yet ascertained and are entitled to those remedies provided in Title 15 of the United States Code.

## COUNT III
## STATE LAW UNFAIR COMPETITION

37. DCL and DFI re-adopt and re-allege the allegations of paragraphs 1 through 37 as if set forth in full herein.

38. MVC's and MTCR's actions constitute unfair competition under the common law of the State of Massachusetts..

39. By reason of the foregoing DCL and DFI have been injured in an amount not yet ascertained, but believed to be far in excess of $75,000 exclusive of interest and costs.

## REQUEST FOR RELIEF

WHEREFORE, DCL and DFI requests that this Court grant the following relief:

### Federal Claims

(A) That DCL's and DFI's registered mark MOOSE TRACKS® for International Class 30 be found to be valid and subsisting;

(B) That MVC's and MTCR's use of the mark "Moose Tracks" for coffee, desserts and other food items in International Class 30 be found to be an infringement of DCL's and DFI's rights in their federally registered marks in violation of 15 U.S.C, § 1114;

(C) That MVC and MTCR be found to have committed unfair competition in violation of 15 U.S.C. §1125(a) by its conduct alleged above;

(D) That MVC and MTCR, and their employees, servants, agents, licensees, prospective licensees and all others acting in concert with them be enjoined, both preliminarily during the pendency of this litigation, as well as permanently thereafter, from using any of the marks identified above as infringing or as part of the conduct constituting unfair competition, or any other mark which is a colorable imitation thereof,

in such a manner that there is a likelihood of confusion as to the source of goods or services which the public associates with those of DCL, DFI and DFI's sublicensees;

(E) That MVC and MTCR, and their employees, servants, agents, licensees, prospective licensees and all others acting in concert with them be enjoined, both preliminarily during the pendency of this litigation, as well as permanently thereafter, from otherwise competing unfairly with DCL, DFI and DFI's sublicensees through use of any of the marks identified above as infringing or as part of the conduct constituting unfair competition, or any other mark which is a colorable imitation thereof which is likely to cause a false designation or false association between the goods or services of MVC and MTCR and those of DCL, DFI and DFI's sublicensees or otherwise unfairly competing with DCL, DFI and DFI's sublicensees;

(F) That MVC and MTCR be required to deliver up for impoundment or destruction, all materials in its possession, or in the possession of any agents or subcontractors, which bear or display the infringing marks or the marks the use of which are part of the conduct constituting unfair competition, or any other mark which is a colorable imitation thereof, which are likely to cause confusion or false designation of origin with the marks owned by DCL and licensed to DFI, and the goods or services associated therewith, together with any and all plates, negatives, or other items of reproduction capable of use in printing, reproducing, or duplicating any of DCL's and DFI's marks or colorable imitations thereof;

(G) That MVC and MTCR be directed to file with this court and serve on DCL and DFI within ten (10) days after service of an order enjoining MVC and MTCR as described above, a report in writing and under oath setting forth in detail the manner and form in which MVC and MTCR has complied with the injunction(s) issued with respect to subparagraphs (D), (E) and (F);

(H) That MVC and MTCR be ordered to account for and pay over to DCL and DFI all profits, gains and advantages wrongfully realized by MVC and MTCR in association with those acts which constitute infringement of DCL's and DFI's rights as described above, and that the amount of each such damages be trebled due to the intentional nature of MVC and MTCR's acts in accordance with 15 U.S.C. § 1117;

(I) That MVC and MTCR be required to pay DCL's and DFI's costs, expenses, and reasonable attorneys fees incurred in connection with this action as provided under 15 U.S.C. § 1117, as this is an "exceptional case" within the meaning of that section, along with pre-judgment interest commencing from the date of the service of DCL's and DFI's Complaint;

## State Claims

(J) That MVC and MTCR be ordered to account for and pay over to DFI all profits, gains and advantages wrongfully realized by MVC and MTCR in association with those acts which constitute infringement of DCL's and DFI's rights as described above;

(K) That MVC and MTCR be required to pay DCL's and DFI's costs, expenses, and reasonable attorneys fees incurred in connection with this action; and,

(L)   That DCL and DFI be awarded such other and further relief as may appear appropriate to the court under the circumstances.

PLUNKETT & COONEY, PC
Attorneys for Denali Co, LLC and
Denali Flavors, Inc.

Dated: February 2, 2004

_____
Mark H. Verwys (P23803)

## VERIFICATION BY NEAL GLAESER

I, Neal Glaeser, being duly sworn, state as follows:

1. I am an adult resident of the State of Michigan, residing at 7751 Railyard Dr SW Byron Center, MI 49315-8282. I have personal knowledge of the facts stated in this Verified Complaint and, if called as a witness, could testify competently to the truth of those facts.

2. I am the President of Denali Flavors, Inc., a corporation of the State of Michigan, having a business address at 4666 Leighton Lakes Dr, Wayland, Michigan 49348, and authorized to make this Affidavit on behalf of said corporation.

Further, affiant saith not.

_____
Neal Glaeser, President
Denali Flavors, Inc.

Subscribed and sworn to before me this 24th day of February, 2004.

_____, Notary Public
Kent County, State of Michigan
My commission expires: 11/27/04

Branches.10464.34821.1253211-1

15

Dated: March 9, 2004

MORRISON, MAHONEY & MILLER
Local Counsel for Denali Co, LLC and
Denali Flavors, Inc.

*/s/ Tory A. Weigand*

Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210
(617) 439-7500

Branches.10464.34821.1253211-1